IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YANCEY LAMARR WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-220-MJR |
| | ) |
| CARL E. OFFICER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate currently in the United State Penitentiary located in Coleman, Florida (USP-Coleman),[1] brings this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346, 2671-2680. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally

---

[1] At the time he filed this action, Plaintiff was confined at the Federal Correctional Institution located in Greenville, Illinois. Plaintiff, however, filed a change of address notice with the Court. *See* (Doc. 4)

frivolous and thus subject to summary dismissal.

Plaintiff alleges that his mother Rachel White, now deceased, "re-purchased" her home and acquired another piece of real property in an auction in St. Clair County, Illinois. Plaintiff further alleges that one year after his mother bought the properties at the auction, her purchase money for both pieces of real property was returned to her by unnamed St. Clair County officials. Plaintiff's mother subsequently learned that these properties were sold to another person "who was likely more affluent and willing to pay a higher asking price." Plaintiff claims that the refunding of the auction money to his mother and the conveyance of the properties to another person constituted fraud against her. Plaintiff asks this court to "preserve this [fraud] claim until he is release [sic] from federal prison and able to afford an estate attorney to have his mother's assets probated [sic] into his name."

Even giving Plaintiff's complaint a liberal construction, the complaint should be dismissed pursuant to 28 U.S.C. § 1915A.

> The FTCA permits an individual to bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

*Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). Defendants Officer, Parks, and the St. Clair County Board of Trust are not employees of the federal government,[2] and thus the FTCA cannot provide a basis for federal jurisdiction over this action. Morever, the Court is unable to imagine any other federal law that would give this Court jurisdiction over Plaintiff's claim. Moreover, it appears that Plaintiff may not even have standing to assert any claims on behalf of his mother's estate. Therefore, this Court cannot provide Plaintiff with any relief in this matter. In summary, Plaintiff's complaint does

---

[2]The Court takes notice that Carl Officer is the former Mayor of the City of East St. Louis, Illinois, and that Alvin Parks is the current Mayor of the City of East St. Louis, Illinois.

not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 24th day of September, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
